UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * * * * * * * * *

JOHN E. PEARSON,

                Plaintiff

                                            CIVIL ACTION NO.:

        v.                            10-11410-EFH

UNITED STATES OF AMERICA,

                Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

November 26, 2012

HARRINGTON, S.D.J.

      This matter comes before the Court on the parties' request for clarification as to the scope of the sole surviving Count of the Amended Complaint, as set forth in Pearson v. United States, 831 F. Supp. 2d 514 (D. Mass. 2011) and on the United States' Second Motion to Dismiss.

      *I. Scope of the surviving count.*

      On December 22, 2011, this Court dismissed all claims in the Amended Complaint with the exception of "the claim for breach of fiduciary duty in Count 1 related to the foreclosure sales process of the Capitol Bank collateral properties."   Pearson, 831 F. Supp. 2d at 523.  Plaintiff asserts that the "Capitol Bank collateral properties" referenced in the decision include all properties owned by the Plaintiff and his various companies that secured Capitol Bank loans, even those properties that were not specifically set forth in the Amended Complaint.  The United States, on the other hand, contends that the referenced "Capitol Bank collateral properties"

encompass only those properties that were alleged in the Amended Complaint to have secured

Capitol Bank loans and to have undergone foreclosure sales in bad faith.  The Court agrees with

the United States.

Although complaints are interpreted liberally and pleading requirements are minimal, such

"minimal requirements are not tantamount to nonexistent requirements."  Calvi v. Knox Cnty.,

470 F.3d 422, 430 (1st Cir. 2006) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st

Cir. 1988)) (internal quotations omitted).  Plaintiff must set forth sufficient factual matter to

support the claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 668, 678-79 (2009) (citations omitted)

(Rule 8 pleading requirements "do[] not unlock the doors of discovery for a plaintiff armed with

nothing more than conclusions.").  The Court's December 22, 2011 decision was based solely on

the allegations set forth by the Plaintiff in the Amended Complaint.  The only allegations

regarding the sole remaining claim relate to the foreclosure sale of condominium units and a

clubhouse property owned by Hargrave, Inc., one of Plaintiff's businesses.  All other allegations

of misconduct relating to foreclosure sales of other properties to which the Plaintiff now refers

were never alleged in the Amended Complaint and are, accordingly, not part of the claim.

*II. Motion to dismiss.*

Under the Federal Torts Claims Act, the law "of the place where the act or omission

occurred" applies.  28 U.S.C. § 1346(b)(1).   In ruling on the United States' prior motion to

dismiss, this Court, for the purposes of that decision, assumed that Massachusetts law applied

pursuant to general allegations in the Amended Complaint stating that the act or omission forming

the basis of the claim occurred in Massachusetts.  Pearson, 831 F. Supp. 2d at 519 n.1.  The

United States now contends that Connecticut law applies, attaching to its memorandum

foreclosure certificates[1] indicating that the Hargrave properties were located in Connecticut and that the foreclosure litigation concerning those properties took place in the Connecticut courts pursuant to Connecticut law.[2]

The Court takes judicial notice that the Hargrave Properties were located in Connecticut, and that the foreclosures occurred in Connecticut and were governed by Connecticut law.[3] Accordingly, it would appear that the act or omission forming the basis for the remaining claim, namely a violation of a fiduciary duty in the foreclosure sales process, would have occurred in Connecticut and that the claim would, thus, be governed by Connecticut law.

Assuming, however, that the act or omission did occur as alleged in Massachusetts, the result would be the same.  In applying § 1346(b)(1), federal courts must look to the "provisions of the whole law" including the state's choice of law rules, even if doing so would lead to another state's substantive law.  Richards v. United States, 369 U.S. 1, 11 (1962); Gould Elec. Inc. v. United States, 220 F.3d 169, 179, 191 (3d Cir. 2000) (applying Ohio's contribution rules because choice of law rules of New York, where the negligence occurred, provided for Ohio law to apply).  Under Massachusetts choice of law principles, claims arising in connection with

---

[1] The United States attaches a Certificate of Judgment and Strict Foreclosure, dated March 15, 1994, and a Certificate of Foreclosure, dated July 17, 1996.

[2] The Plaintiff does not contest the authenticity of the certificates or that the property was located in Connecticut.  Furthermore, the Amended Complaint alleges that Hargrave was formed to construct a condominium in Connecticut.

[3] Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) (court may consider official public records on motion to dismiss); Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000) (on motion to dismiss, "court may look to matters of public record . . . . [including] documents from prior state court adjudications"); Am. Tel. & Tel. Co. v. IMR Capital Corp., 888 F. Supp. 221, 234 (D. Mass. 1995) ("In analyzing the sufficiency of the complaint, the court may consider official public records, the authenticity of which are not in dispute.").

foreclosures of real property are, in turn, governed by the law of the state in which the land is located.  United Guar. Residential Ins. Co. v. O'Neil, 2 Mass. L. Rptr. 295, *1 (Mass. Super. Ct. 1994) ("The mechanics of foreclosure, including what notice had to be given," are governed by the law of the situs.); FDIC v. Henry, 818 F. Supp. 452, 454 (D. Mass. 1993) ("In general, real property questions, including those concerning real estate foreclosures, are determined by the sovereign within whose territory the land is located (i.e., the law of the situs).").  Accordingly, Connecticut law would be applied to the remaining claim regardless of whether the act or omission occurred in Massachusetts, as alleged.

In denying the United States' first motion to dismiss as to the remaining claim, this Court ruled that Massachusetts law recognized a fiduciary duty between a lender and a borrower in the foreclosure sales process.  Pearson, 831 F. Supp. 2d at 519-20.  The Court must now determine whether the remaining claim could proceed under Connecticut law.  Like Massachusetts law, Connecticut law does not generally recognize a fiduciary relationship between a borrower and a lender.  See Southbridge Assoc. v. Garofalo, 728 A.2d 1114, 1119 (Conn. App. Ct. 1999) cert. denied, 733 A.2d 229 (Conn. 1999) (under Connecticut law, generally, "there exists no fiduciary relationship merely by virtue of a borrower lender relationship between a bank and its customer."); see also Pearson, 831 F. Supp. 2d at 519.  Unlike Massachusetts law, however, Connecticut law has not, as an exception to the general rule, imposed a fiduciary duty on a mortgagee with respect to the foreclosure sales process.[4]  While in Massachusetts, a fiduciary

---

[4] Plaintiff has not referred the Court to any case law or statute establishing such a fiduciary duty under Connecticut law and the Court can find none.  The one case cited by the Plaintiff in support of his position, Centerbank v. Dowcom, Inc., No. 111626, 1993 WL 489229 (Conn. Super. Ct. 1993), is inapposite.  Centerbank involved an allegation of breach of the covenant of good faith and fair dealing as a defense to an action on an instrument between a creditor and guarantor.  Id. at 1-2.  The Court in Centerbank recognized that, under Connecticut law, a breach

duty is imposed on the mortgagee in order to "protect the interests of the [mortgagor] who intrusts [the mortgagee] with the power [of sale],"[5] in Connecticut, the foreclosure sales process, is not conducted by the mortgagee.[6]  There is, accordingly, no necessity for such an exception under Connecticut law.  Plaintiff has, therefore, failed to establish a fiduciary duty supporting his claim under the Federal Torts Claims Act.[7]

For the reasons set forth above, the United States Second Motion to Dismiss (Docket No. 44) is, hereby, ALLOWED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

of a covenant of good faith and fair dealing was a valid defense in most contract actions.  Id.  The case does not establish the existence of a fiduciary duty in tort with respect to a foreclosure sale of collateral property.  Id.

[5] Montague v. Dawes, 96 Mass. (14 Allen) 369, 373 (1867); see, e.g., Pemstein v. Stimpson, 630 N.E.2d 608, 611 (Mass. App. Ct. 1994).

[6]  See Denis R. Caron & Geoffrey K. Milne, Connecticut Foreclosures: An Attorney's Manual of Practice and Procedure 128-29, 143 (3d ed. 1997).

[7]  The United States also contends that (1) a different lienholder, and not the FDIC, was the party that foreclosed on the Hargrave condominium units; (2) that there was no foreclosure sale of the Hargrave-owned property; (3) that the foreclosure of the clubhouse property did not occur until 1996, more than two years after the FTCA administrative claims were filed; (4) that Plaintiff has not alleged damages as a result of the alleged breach; (5) and that Plaintiff lacked standing to assert the remaining claim.  The Court need not decide these issues.